Taft, J.
It is contended that relator, although a citizen, has no standing to bring this action.
However, paragraph one of the syllabus in State, ex rel. Newell, v. Brown, Secy. of State, 162 Ohio St., 147, 122 N. E. (2d), 105, reads:
“Ordinarily a person is not authorized to attack the constitutionality of a statute, where his private rights have suffered no interference or impairment, but as a matter of public policy a citizen does have such an interest in his government as to give him capacity to maintain a proper action to enforce the performance of a public duty affecting himself and citizens generally. ’ ’
It may be that this is too broad a statement but that case *33 certainly holds that a citizen has the capacity to maintain a proper action to enforce the performance of a public duty relating to elections and affecting himself and citizens generally, even where such act involves an attack on the constitutionality of a statute. See State, ex rel. Skilton, v. Miller, Judge, 164 Ohio St., 163, 164, 165, 128 N. E. (2d), 47, 49 A. L. R. (2d), 1279, and State, ex rel. Blackwell, a Taxpayer, v. Bachrach, 166 Ohio St., 301, 143 N. E. (2d), 127.
It is next contended that relator has an adequate remedy by way of injunction or declaratory judgment to secure the relief sought. This court will ordinarily, in the exercise of its discretion, deny a writ of mandamus where there is a plain and adequate remedy in the ordinary course of the law. However it undoubtedly has the power to allow a writ even in such an instance. See State, ex rel. Selected Properties, Inc., v. Gottfried, 163 Ohio St., 469, 478, 127 N. E. (2d), 371. In the instant case, the Court of Appeals, in the exercise of its discretion, allowed a writ. A Court of Appeals that allows a writ of mandamus to a relator does not thereby abuse its discretion merely because such relator also has an adequate remedy in the ordinary course of the law.
The substantive question to be determined is whether the amendment to Section 3507.07, Revised Code, which is quoted in the statement of the case, is constitutional. This will depend upon whether its provisions conflict with the provisions of Section 2a of Article V of the Constitution. In State, ex rel. Russell, Pros. Atty., v. Bliss et al., Board of Elections of Summit County, 156 Ohio St., 147, 101 N. E. (2d), 289, which was a unanimous decision by this court, the syllabus reads:
“The provision of Section 2a, Article V of the Ohio Constitution, that ‘the names of all candidates for an office at any general election shall be arranged in a group under the title of that office, and shall be so alternated that each name shall appear (in so far as may be reasonably possible) substantially an equal number of times at the beginning, at the end, and in each intermediate place, if any, of the group in which such name belongs,’ is self-executing.”
In that case as in this, the relator sought to compel the respondents “to prepare and print the ballots according to the *34 method of rotation of names of candidates contemplated by Section 2a, Article V of the Constitution,” instead of in accordance with a statute, — there Section 4785-80, General Code, which read so far as pertinent:
“* * '* The method of printing and combining the ballots in tablets to meet the rotation requirement herein shall be as follows: The total number of ballots upon which the names of all the candidates to be printed thereon are the same, shall be printed in as many series as the number of candidates in the largest group of candidates * * *. Such total number of ballots to be printed divided by the number of series to be printed shall determine the number of ballots to be printed in each series. On the first series of ballots the names of the candidates in each group of candidates shall be in alphabetical order. On each succeeding series the name of the candidate in each group of candidates which was first in the preceding series shall be last, and the names of each of the other candidates in each group shall be moved up one place. The printed ballots shall then be combined in tablets by assembling series of ballots, each consisting of one ballot of each series printed as above described, assembled in the same consecutive order in which the series, of which each ballot is a part, was printed, and by combining as many of such assembled series of ballots as may be necessary to make tablets consisting of the number of ballots required for each precinct.”
In the court’s opinion by Hart, J., it is said:
“The determination of the issue here presented turns upon whether the constitutional provisions above set out are self-executing. If they are, the Constitution must control as against the provisions of Section 4785-80, General Code. This court concludes that the constitutional provisions are self-executing and apply instead of the provisions of the statute.
“It appears to this court that the constitutional provisions set out how the names of candidates shall be rotated on the ballots with such clarity that the form of the ballot is clearly prescribed, making unnecessary any repetitive or enabling legislation.”
A casual reading of the statute declared void in the fore *35 going decision might leave some donbt as to how that statute might conflict with the Constitution. However, a reading of the briefs in that case discloses what the court had in mind in determining that there was such a conflict. In the election there involved, the largest group of candidates was five. This was in a councilmanic race. There were two candidates for mayor. If the statute had been followed, five series of ballots would have been printed. Each councilmanic candidate would then have been arranged under the title of the office so that the name of each would have appeared substantially an equal number of times at the beginning, at the end and in each intermediate place of the group of councilmanic candidates. However, in view of the fact that there were only two candidates for mayor, one would necessarily have been on top of his group of two on three out of every five ballots and the other would have been on top on only two out of every five ballots. The unanimous decision of this court in that case rejected the argument that there had been substantial compliance with Section 2a of Article V of the Constitution notwithstanding that that section used the words “in so far as may be reasonably possible.”
The much more serious conflict between the Constitution and Section 3507.07, Revised Code, as amended, becomes apparent when we consider a simple election where three councilmen are to be elected at large and there are three Democrat and two Republican 'candidates. That statute first provides for arranging “the names of the candidates of each political party” for an office in a “separate” group, i. e., a “row” or “column” (the Constitution says “all candidates for” such “an office shall be arranged in a group” — nothing is said about more than one group); the statute then provides for rotating those “separate” groups (not rotation of names under an office but instead rotation of political parties under an office); and finally it would apparently require rotating the two Republican candidates within their group and the three Democrat candidates within their group (a rotation within a rotation).
It is obvious that, in the foregoing suppositious case, the row of Democrat candidates would have three names and the row of Republican candidates would have two names and a blank space. It was argued by respondents that it would be *36 possible in such an instance to rotáte so as to have each candidate’s name “appear * * * substantially an equal number of times” in each of the six available places in the two rows. Even if we assume that this could be done, there would obviously always be one blank space in the Republican row. How can it be said that the constitutional requirement that “the names of all candidates for an office shall be arranged in a group under the title of that office” is satisfied when a blank space is inserted between some of those names? Also, the Constitution says that “names * * * shall be * * # alternated” (i. e., rotated). It does not contemplate rotation of names and one or more blank spaces next to or between names.
Further conflicts between Section 3507.07, Revised Code, as amended, and the Constitution will readily become obvious if we assume that there is one independent candidate. Actually, at that point, the statute becomes completely unworkable because it makes no provision at all for such candidates, although the words “all candidates” found at the beginning of Section 2a of Article V of the Constitution clearly would include independent as well as party candidates.
It is quite apparent that Section 3507.07, Revised Code, conflicts with Section 2a of Article Y of the Constitution and that the Court of Appeals was correct in holding it to be unconstitutional.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias and Peck, JJ., concur.